1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

MICHAEL D. McLEAN,

7

Plaintiff,

8

v.

9

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

10

Defendant.

11

CASE NO. C11-5763 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION AND
SUPPLEMENTAL REPORT AND
RECOMMENDATION

12

This matter comes before the Court on the Report and Recommendation ("R&R")

13

and the Supplemental Report and Recommendation ("SR&R") of the Honorable J.

14

Richard Creatura, United States Magistrate Judge (Dkts. 25 & 30), and Defendant's

15

objections to the R&R (Dkt. 31).

16

On January 10, 2013, Judge Creatura issued an R&R recommending that the Court

17

reverse the Administrative Law Judge's ("ALJ") conclusion that Plaintiff Michael

18

McLean's ("McLean") disability ended October 25, 2007, and remand for further

19

proceedings.  Dkt. 25.  On February 27, 2013, the Court declined to adopt the R&R and

20

rereferred the matter for additional considerations.  Dkt. 29.  On March 6, 2013, Judge

21

Creatura issued the SR&R concluding that the ALJ's errors were not harmless error.  Dkt.

22

1  30.  On March 15, 2013, Defendant filed objections.  Dkt. 31.  On April 1, 2013, McLean

2  responded.  Dkt. 32.

3        The district judge must determine de novo any part of the magistrate judge's

4  disposition that has been properly objected to. The district judge may accept, reject, or

5  modify the recommended disposition; receive further evidence; or return the matter to the

6  magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

7        In this case, Defendant "objects to the magistrate judge's Supplemental Report and

8  Recommendation because it misapplies the law of harmless error and retains the same

9  errors the Commissioner previously identified."  Dkt. 31 at 1.  First, it is undisputed that

10  the ALJ's decision contains ambiguities and errors.  The question is whether these errors

11  were harmless.  The Ninth Circuit has "adhered to the general principle that an ALJ's

12  error is harmless where it is 'inconsequential to the ultimate nondisability

13  determination.'"  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting

14  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).  In cases

15  where the ALJ provides both valid and invalid reasons for "disbelieving a claimant's

16  testimony," an error "is harmless so long as there remains substantial evidence supporting

17  the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate

18  conclusion.'"  *Id*. (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197

19  (9th Cir. 2004)).

20        On this issue, Defendant has a strong argument that the errors were harmless.  On

21  October 24, 2007, McLean's treating counselor opined that McLean "appears to be using

22  his wife's condition as an excuse not to work."  Tr. 291.  While this may be the ultimate

1   conclusion of the ALJ, the statement is equivocal and is not, in this Court's opinion,

2   substantial evidence for finding McLean to not be credible.  Moreover, other errors may

3   negate the validity of the ALJ's ultimate conclusion.  For example, there is medical

4   evidence that McLean stopped his medication because of complications from the

5   medication's side effects and not because of McLean's improved medical condition.  *See*

6   Dkt. 25 at 9–10.  Therefore, the Court adopts the R&R on the issues of errors and

7   ambiguities and the SR&R on the issue of whether those errors were harmless.

8         Second, Defendant argues that "the magistrate judge erred in concluding the ALJ

9   found [McLean] was no longer disabled because he improved such that he no longer

10  required treatment."  Dkt. 31 at 5.  While it may be true that McLean improved such that

11  he was not disabled, the only evidence in the record correlating to the improvement date

12  October 25, 2007, is the treatment note that McLean was using his wife's situation as an

13  excuse not to work.  It is clear that the improvement date was chosen based off credibility

14  concerns and not improvement evidence.  For example, the ALJ stated that "by

15  September 2007, the record reflects [McLean] was feeling better, had stopped all

16  counseling and mental health medications, plus discontinued all mental health treatment."

17  Tr. 27.  While this may be substantial evidence to support an improvement date in

18  September of 2007, it is not substantial evidence to support the specific improvement

19  date of October 25, 2007.  This is especially true in light of the evidence that McLean

20  stopped using his medication because of the medication's side effects, not because of

21  improvements in medical condition, which could possibly be an improvement date later

22

1    than the current one.  Therefore, the Court declines to adopt Defendant's alternate theory

2    upholding the ALJ's decision on the date of medical improvement.

3        The Court having considered the R&R, the SR&R, Defendant's objections, and

4    the remaining record, does hereby find and order as follows:

5        (1)     The R&R is **ADOPTED**;

6        (2)     The matter is **REVERSED** and **REMANDED** for further proceedings;

7        (3)     The Clerk shall enter **JUDGMENT** for McLean; and

8        (4)     The case shall be **CLOSED**.

9        Dated this 24th day of April, 2013.

10

11

               BENJAMIN H. SETTLE
12                United States District Judge

13

14

15

16

17

18

19

20

21

22