UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL D. McLEAN,<br><br>        Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | CASE NO. C11-5763 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND SUPPLEMENTAL REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") and the Supplemental Report and Recommendation ("SR&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkts. 25 & 30), and Defendant's objections to the R&R (Dkt. 31).

On January 10, 2013, Judge Creatura issued an R&R recommending that the Court reverse the Administrative Law Judge's ("ALJ") conclusion that Plaintiff Michael McLean's ("McLean") disability ended October 25, 2007, and remand for further proceedings. Dkt. 25. On February 27, 2013, the Court declined to adopt the R&R and rereferred the matter for additional considerations. Dkt. 29. On March 6, 2013, Judge Creatura issued the SR&R concluding that the ALJ's errors were not harmless error. Dkt.

ORDER - 1

30.  On March 15, 2013, Defendant filed objections.  Dkt. 31.  On April 1, 2013, McLean responded.  Dkt. 32.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

In this case, Defendant "objects to the magistrate judge's Supplemental Report and Recommendation because it misapplies the law of harmless error and retains the same errors the Commissioner previously identified."  Dkt. 31 at 1.  First, it is undisputed that the ALJ's decision contains ambiguities and errors.  The question is whether these errors were harmless.  The Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'"  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).  In cases where the ALJ provides both valid and invalid reasons for "disbelieving a claimant's testimony," an error "is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'"  *Id*. (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)).

On this issue, Defendant has a strong argument that the errors were harmless.  On October 24, 2007, McLean's treating counselor opined that McLean "appears to be using his wife's condition as an excuse not to work."  Tr. 291.  While this may be the ultimate

1 conclusion of the ALJ, the statement is equivocal and is not, in this Court's opinion,

2 substantial evidence for finding McLean to not be credible.  Moreover, other errors may

3 negate the validity of the ALJ's ultimate conclusion.  For example, there is medical

4 evidence that McLean stopped his medication because of complications from the

5 medication's side effects and not because of McLean's improved medical condition.  *See*

6 Dkt. 25 at 9–10.  Therefore, the Court adopts the R&R on the issues of errors and

7 ambiguities and the SR&R on the issue of whether those errors were harmless.

8       Second, Defendant argues that "the magistrate judge erred in concluding the ALJ

9 found [McLean] was no longer disabled because he improved such that he no longer

10 required treatment."  Dkt. 31 at 5.  While it may be true that McLean improved such that

11 he was not disabled, the only evidence in the record correlating to the improvement date

12 October 25, 2007, is the treatment note that McLean was using his wife's situation as an

13 excuse not to work.  It is clear that the improvement date was chosen based off credibility

14 concerns and not improvement evidence.  For example, the ALJ stated that "by

15 September 2007, the record reflects [McLean] was feeling better, had stopped all

16 counseling and mental health medications, plus discontinued all mental health treatment."

17 Tr. 27.  While this may be substantial evidence to support an improvement date in

18 September of 2007, it is not substantial evidence to support the specific improvement

19 date of October 25, 2007.  This is especially true in light of the evidence that McLean

20 stopped using his medication because of the medication's side effects, not because of

21 improvements in medical condition, which could possibly be an improvement date later

22

than the current one. Therefore, the Court declines to adopt Defendant's alternate theory upholding the ALJ's decision on the date of medical improvement.

The Court having considered the R&R, the SR&R, Defendant's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) The matter is **REVERSED** and **REMANDED** for further proceedings;

(3) The Clerk shall enter **JUDGMENT** for McLean; and

(4) The case shall be **CLOSED**.

Dated this 24th day of April, 2013.

BENJAMIN H. SETTLE
United States District Judge