UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL D. MCLEAN,

          Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

          Defendant.

CASE NO. C11-5763 BHS

ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AND DENYING MOTION FOR ATTORNEY'S FEES

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 41), and Defendant's objections to the R&R (Dkt. 42).

On November 8, 2013, Judge Creatura issued the R&R recommending that the Court grant Plaintiff Michael McLean's motion for attorney's fees because the Government's position was not substantially justified and McLean's request for fees is reasonable.  Dkt. 41.  On November 18, 2013, the Government filed objections arguing that its position was substantially justified.  Dkt. 42.  On December 5, 2013, McLean responded.  Dkt. 43.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In any action brought by or against the United States, the Equal Access to Justice Act ("EAJA") states that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Government bears the burden of proving that its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied*, 179 L. Ed. 2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (citing *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). In this context, "substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Court is to focus on whether or not the Government was substantially justified in taking its original action; and in defending the validity of the action in court. *Guiterrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)).

In this case, the Court finds that the Government's position was substantially justified. With regard to defending the action in court, the harmless error analysis was close and a reasonable person would be satisfied that the Government's position was justified in substance. *See* Dkt. 33 at 2 ("Defendant has a strong argument that the errors were harmless."). With regard to the original action, the Court reversed the ALJ's decision because (1) there was only some evidence, not substantial evidence, to support

the ALJ's conclusion regarding the specific improvement date of October 25, 2007 and (2) the ALJ failed to adequately discuss contrary evidence. Dkt. 33 at 2–4. The Court even stated that the specific improvement date of October 25, 2007 may be the "ultimate conclusion" (*id*. at 2–3), but the law requires more analysis of the entire record. On this basis, the ALJ's decision can be justified in substance, especially so if the ALJ reaches the same conclusion after further consideration. Moreover, the ALJ could have considered all of the evidence, but failed to discuss all of the evidence. This assumption is based on the fact that the ALJ did not make a glaring or obvious error and only failed to provide McLean with a thorough discussion of all of the evidence. The Court finds that the ALJ's action was justified in substance as it only lacked thoroughness and may ultimately be upheld after further consideration. Therefore, the Court finds that the Government has met its burden of showing that its positions were substantially justified.

The Court having considered the R&R, the Government's objections, and the remaining record, does hereby find and order as follows:

(1) The Court **DECLINES** to adopt the R&R; and,

(2) The Court **DENIES** McLean's motion for fees (Dkt. 36).

Dated this 16th day of January, 2014.

BENJAMIN H. SETTLE
United States District Judge